1  Peter Afrasiabi (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  John Tehranian (Bar No. 211616)
   Email: jtehranian@onellp.com
3  **ONE LLP**
4  4000 MacArthur Boulevard
   West Tower, Suite 1100
5  Newport Beach, CA 92660
   Telephone: (949) 502-2870
6  Facsimile: (949) 258-5081
7
8  Attorneys for Plaintiff, Open Innovation LLC
9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                 SOUTHERN DIVISION   CV10-8175 JFW(FMOx)

13  OPEN INNOVATION LLC,                 Case No.

14         Plaintiff,
                                         **COMPLAINT FOR FALSE PATENT**
15     v.                                **MARKING – 35 U.S.C. § 292**

16
    CHAR-BROIL, a private company, W.C.
17  BRADLEY CO., a private company; and
18  DOES 1-10 INCLUSIVE,
19
20         Defendants.

21         Open Innovation LLC, by and through their attorneys of record, complains against

22  Char-broil, W.C. Bradley Co., and DOES 1 through 10 (collectively, "Defendants"), allege

23  as follows:

24                        JURISDICTION AND VENUE

25         1.    This is an action against Defendants for false patent marking under 35 U.S.C.

26  §292. This Court has subject matter jurisdiction over the present action under 28 U.S.C. §

27  1338(a).

28

16397.3
                                    1
                                COMPLAINT

1    2.    As set forth in detail below, Defendant has violated 35 U.S.C. §292(a) by

2  marking certain products with expired and inapplicable patent numbers, with the intent of

3  deceiving the public about patent coverage for its products.

4    3.    Plaintiff seeks an award of statutory damages against Defendant, one-half of

5  which shall be paid to the United States pursuant to 35 U.S.C. §292(b).

6    4.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), in that the

7  claim arises in this Judicial District, the Defendants may be found and transact business in

8  this Judicial District, and the injury suffered took place in this Judicial District.  Defendants

9  are subject to the general and specific personal jurisdiction of this Court because of their

10  contacts with the State of California.

11                                    **PARTIES**

12    5.    Plaintiff Open Innovation LLC is a California limited liability company.

13    6.    Defendant Char-Broil is a private company whose principal place of business

14  is located in Columbus, GA.

15    7.    Defendant Char-Broil, on information and belief, is licensed to do business in

16  California, produces, manufactures, markets, sells and distributes outdoor cooking products

17  and accessories throughout California and at all times maintains a continued presence in

18  California.

19    8.    Defendant W.C. Bradley Co. is a private company whose principal place of

20  business is in Columbus, GA.

21    9.    Defendant W.C. Bradley Co, on information and belief, is licensed to do

22  business in California, produces, manufactures, markets, sells and distributes outdoor

23  cooking products and accessories throughout California and at all times maintains a

24  continued presence in California.

25    10.    On information and belief, Char-Broil is a subsidiary of W.C. Bradley Co. and

26  at all times is under direct control of W.C. Bradley Co.  Defendants Char-Broil and W.C.

27  Bradley Co. are collectively referred to in this complaint as "Defendants."

28

16397.3

2
**COMPLAINT**

1      11.    The true names or capacities, whether individual, corporate or otherwise, of

2  the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff,

3  who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of

4  Court to amend this Complaint and insert the true names and capacities of said Defendants

5  when the same have been ascertained.

6      12.    Plaintiff is informed and believes and, upon such, alleges that each of the

7  Defendants designated herein as a "DOE" is legally responsible in some manner for the

8  events and happenings herein alleged, and that Plaintiff's damages as alleged herein were

9  proximately caused by such Defendants.

10                    **FACTS COMMON TO ALL COUNTS**

11      13.    Plaintiff incorporates here by reference the allegations in each of the foregoing

12  paragraphs above.

13      14.    Defendants are prominent manufacturers and distributors of outdoor cooking

14  products.

15      15.    On information and belief, Defendants have sold more than 2 million

16  consumer barbeque grills and grill accessories.

17      16.    On information and belief, Defendants include within the packaging of each

18  cooking product, a product guide uniquely associated with the product with which it is

19  included.  The front cover of said product guides identifies the associated product model

20  and lists a number of patents. On information and belief, Defendants periodically amends

21  this list of patent numbers for each product guide.

22      17.    On information and belief, Char-Broil maintains a digital copy of periodically

23  updated product guides, which are and have been publically accessible since at least

24  January 2001, in connection with associated products via the Char-Broil website at

25  www.charbroil.com.

26                    **Defendants' Products**

27      18.    On information and belief, Defendants are and have been selling barbeque

28  grills bearing Product Model Numbers: 463271310, 463271510, 463270910, 463270610,

16397.3

1  463263110, 463250710, 463250910, 463250510, 463250110, 463250210, 463262210,

2  463247310, 463257110 and 463246910.  And Defendants include with each of the

3  foregoing grills an associated product guide marked with the following patent notice:

4
The following are trademarks registered by W.C. Bradley Co. in the U.S. Patent and Trademark Office: Caldera®; Charcoal2Go®; Char-Broil®; America's Legendary

5  Barbeque Company®; American Gourmet®; Bandera®; Brush Hawg®; CB 940®; Char-Diamonds®; Char-Broil Charcoal/Gas®; Everybody Grills®; Everybody Outside®; FastStart®; Grill 2 Go®; Grill 2 Go® Express®; Grill Lovers®; Infrared Grilling That's All About U®; Keepers of the Flame®; New Braunfels Smoker Company®; Patio Bistro®; Patio Caddie®; Patio Kitchen®; Pro-Sear®; RED®; Quantum®; Santa Fe®; Sear and Grill®; Sierra®; Signature Series®; Sure2Burn®;

6  The Big Easy®; Trentino®; U®; Wild West Tradition®; and the following marks:

        AUTO-CLEAN™        GRILL2GO®

7  The following are trademarks of W.C. Bradley Co.: Advantage Series™; Auto-Clean™;Chef Tested™; Commercial Series™; Designer Series™;; Diamond Flame™; Double Chef™; Fireball™; Firenzy™; FlavorMaster™;Front Avenue™; Grill 2 Go® Advantage™; Hog and Yard Bird™; H20 Smoker™; Infrared. Grilling's Juicy Little Secret™; Incredible Taste. Infallible Results™; Infrared Inside™; Insure™; Let's Grill Something Together™; Lev-Alert™; Longhorn™; Magneto™; Precision

8  Flame™; Quick2Burn™; QuickSet™; Ready When You Are™; Season, Set, and Savor™; Sizzle On The Grill™; Signature Series™; SureFire™; The Minute Grill™;Torchfork™; Universal Grill Parts™; You Bring the Party™     TEC™ is a trademark of Tec Infrared Grills.

9  Protected under one or more of the following U.S. Patents: 5,421,319; 5,458,309; 5,579,755; 5,596,573; 6,135,104; 6,279,568; 6,331,108; 6,484,990; 6,526,876; 6,595,197; 6,540,799; 6,640,803; 6,729,873; 6,739,473; 6,749,424; 6,782,335; 6,951,213; 7,047,590; 7,516,693; D384,535; D372,637; D373,701; D377,738; D383,910; D405,643; D408,009; D413,043; D413,229; D414,962; D415,388; D416,164; D416,441; D417,587; D417,588; D422,516; D423,274; D423,876; D428,303; D430,772; D435,398;

10  D436,204; D436,205; D438,060; D438,413; D442,505; D443,179; D443,384; D443,386; D447,384; D447,359; D448,910; D448,614; D448,615; D448,975; D449,492; D459,544; D451,759; D454,028; D454,052; D454,202; D456,222; D456,223; D457,788; D458,520; D458,760; D458,802; D459,088; D459,148 D459,149; D459,161; D459,163; D459,569; D459,943; D460,312; D460,313; D460,314; D461,359; D461,359; D465,123; D465,503; D466,307; D466,439; D466,752; D473,414; D474,371; D477,498; D477,501; D477,504; D477,506; D477,746; D478,471; D478,472 D480,614; D491,410; D494,003; D494,413; D498,523; D500,359; D504,046; D530,098; D535,000; Canada:D97,504;D99,355; D102,037; D104,200;D103,377; 2,315,567;

France:D010,231;D010,422;D010,590;D010,848; 1,089,846; South Korea: 384,565; United Kingdom: 2,059,402. Other Patents Pending. ©2009 W.C. Bradley Company

11  19.     Upon information and belief, Defendants are and have been selling barbeque

12  grills bearing Product Model Numbers: 463271309, 463270909 and 463272509.  And

13  Defendants include with each of the foregoing grills an associated product guide marked

14  with the following patent notice:

15
The following are trademarks registered by W.C. Bradley Co. in the U.S. Patent and Trademark Office: Char-Broil®; America's Legendary Barbeque Company®;

16  American Gourmet®; Bandera®; BrushHawg®; CB940®; Char-Diamonds®; Char-Broil Charcoal/Gas®; DiamondFlame®; Everybody Grills®; Everybody Outside®; FastStart®; Fireball®; Firenzy®; FlavorMaster®; Grill2Go®; Grill2Go® Express®; Grill Lovers®; H20 Smoker®; Keepers of the Flame®; New Braunfels Smoker Company®; Oklahoma Joe's®; Patio Bistro®; Patio Caddie®; Patio Kitchen®; Precision Flame®; Quantum®; Santa Fe®; Sear and Grill®; Sierra®; Signature

17  Series®; The Big Easy®; The Minute Grill®; Trentino®; Wild West Tradition®; and the following marks:

        

18  The following are trademarks of W.C. Bradley Co.: Commercial Series™; Designer Series™; Grill2Go® Advantage™; Longhorn™; Double Chef™; QuickSet™; Ready When You Are™; Hog and Yard Bird™; You Bring the Party™; SureFire™; Universal Grill Parts™

19  TEC™ is a trademark of Tec Infrared Grills.

Protected under one or more of the following U.S. Patents: 4,899,579; 5,421,319; 5,458,309; 5,579,755; 5,596,573; 6,114,666; 6,135,104; 6,209,533; 6,279,568; 6,331,108; 6,484,990; 6,526,876; 6,595,197; 6,540,799; 6,640,803; 6,729,873; 6,739,473; 6,749,424;

20  6,883,100; 6,935,327; 6,951,213; 6,732,933; 7,047,590; D384,535; D372,637; D373,701; D377,738; D383,035; D397,910; D405,643; D408,009; D406,065; D413,043; D413,229; D414,592; D415,388; D416,164; D416,441; D417,587; D417,588; D422,516; D423,876;

D428,303; D430,772; D435,398; D438,060; D438,050; D438,413; D438,110; D442,505; D443,179; D443,534; D443,454; D447,384; D447,385; D447,492; D459,543; D448,614; D448,915; D448,616; D448,623; D449,492; D500,544; D451,759; D454,028; D454,052; D455,205; D455,206; D456,222; D456,222; D456,223; D457,788; D458,520; D458,760; D458,802; D459,088; D459,149 D459,161; D459,163; D459,586; D459,943; D460,312; D460,313; D460,314; D461,359; D461,359; D465,123; D465,603; D466,307;

D466,439; D466,752; D473,414; D474,371; D477,498; D477,501; D477,504; D477,506; D477,746; D478,471; D478,472; D480,614; D491,410; D494,009; D494,413; D498,523; D500,359; D504,046; D530,098; D535,000; Canada: 87,743; 87,744; 97,504; 99,355;

102,037; 104,200; 2,315,567; 2,336,036; France: 010,231; 010,422; 010,590; 010,848; 1,089,846; Germany: 1,089,846; South Korea: 384,565; China: 99,127,065.5; United Kingdom: 2,059,402; 1,089,846. Other Patents Pending. ©2008 W.C. Bradley Company

21                                                                                                  TM REVISION 00

22  20.     Once again, Defendants' Product Model Numbers: 463271310, 463271510,

23  463270910, 463270610, 463263110, 463250710, 463250910, 463250510, 463250110,

24  463250210, 463262210, 463247310, 463257110, 463246910, 463271309, 463270909 and

25  463272509 (the "Char-Broil Grills") are – on information and belief – all consumer

26  barbeque grills.

27

28

16397.3                                           4

**Expired Patents**

21.   US Pat. No. D364,535 ("the '535 patent"), entitled "Cooking Grate", issued on Nov. 28, 1995 and expired on Nov. 28, 2009.

22.   US Pat. No. 4,989,579 ("the '579 patent"), entitled "Barbeque Grill", issued on Feb. 5, 1991 and expired on Aug. 11, 2009.

23.   On information and belief, at least one of the Char-Broil Grills and/or their associated product guides lists at least one of the '535 patent and the '579 patent.

**Inapplicable Patents**

24.   US Pat. No. 6,526,876 ("the '876 patent"), entitled "Handle for Cookware", issued on Mar. 4, 2003.

25.   The independent claims of the '876 patent read as follows:

> 1. A handle for use with a cookware item, comprising:
>
> an attachment member having a proximal end and a distal end, said proximal end being rotatably secured to a first portion of said cookware item;
>
> a gripping member disposed on said distal end; a handle locking member disposed on said first portion;
>
> a locking mechanism slidably disposed on said attachment member between said gripping member and said proximal end, said locking mechanism being arranged and configured to engage said handle locking member and being slidable between a first position and a second position; and
>
> wherein when said locking mechanism is in said first position, said handle is rotatable relative to said first portion, and when said locking mechanism is in said second position, said locking mechanism engages said handle locking member, thereby securing said handle relative to said cookware item.

16397.3

5

**COMPLAINT**

...

10. A cookware item with a rotatable handle, comprising:

a first and second portion being rotatably attached between an open and a closed position by a hinge mechanism;

said handle comprising:

an attachment member having a proximal end and a distal end, said proximal end being rotatably secured to said first portion;

a handle locking member disposed on said first portion adjacent said proximal end;

a basket locking member disposed on said second portion such that said basket locking member is adjacent both said proximal end and said handle locking member when said cookware item is in said closed position;

a locking mechanism slidably disposed on said attachment member between said proximal end and said distal end, said locking mechanism being slidable between a first position, a second position, and a third position; and

wherein when said cookware item is in said closed position, placing said locking mechanism in said first position allows said handle to be rotated relative to said first portion, placing said locking mechanism in said second position causes said locking mechanism to engage said handle locking member, thereby securing said handle in a locked position relative to said first portion, and placing said locking mechanism in said third position causes said locking mechanism to engage both said handle locking mechanism and said basket locking

1    mechanism, thereby both securing said handle in said locked
2    position and securing said cookware item in said closed
3    position.

4    26.    US Pat. No. 6,640,803 ("the '803 patent"), entitled "Outdoor Fireplace",
5    issued on Nov. 4, 2003.

6    27.    The independent claims of the '803 patent read as follows:

7    1. An outdoor fireplace comprising:

8    a combustion chamber having a top portion, an ash pan and one
9    or more access doors, each of said access doors having a
10    plurality of pins disposed along a bottom portion of said
11    access door, said top portion and said ash pan being
12    connected by a plurality of substantially vertical supports,
13    said ash pan including a plurality of orifices, said plurality of
14    orifices being configured to receive said plurality of pins;
15    and

16    a base, said base having an upper portion and a support
17    structure, said upper portion substantially spanning an area
18    spanned by said ash pan, said upper portion and said ash pan
19    being connected such that an integral airway is formed
20    between said ash pan and said upper portions

21    wherein at least one of said plurality of pins on each of said one
22    or more access doors, after having been inserted in said
23    plurality of orifices, is adjacent a surface of one of said
24    substantially vertical supports extending downwardly from
25    said ash pan such that said access door is secured adjacent
26    two of said substantially vertical support.

27    ...

28    17. An outdoor fireplace comprising:

16397.3

7

**COMPLAINT**

1        a combustion chamber having a top portion and an ash pan, said

2               top portion having a vent orifice disposed beneath a cover,

3               wherein said top portion and said ash pan are rectangular

4               and rigidly connected by a plurality of substantially vertical

5               supports, one each of said plurality of substantially vertical

6               supports being positioned at a corner of said ash pan;

7       a base having an upper portion and a support structure, said

8               upper portion being rectangular and connected to said ash

9               pan such that an integral airway is formed between said

10             upper portion and said ash pan, said support structure

11             including a plurality of support members, one each of said

12             support members being disposed at a corner of said upper

13             portion such that an air passage is formed between said

14             upper portion and an underlying support surface; and

15       a plurality of access doors, each of said access doors including a

16             pair of pins disposed on a bottom corner of said access door

17             and configured to be received within a corresponding at least

18             one orifice formed in said ash pan along a periphery of said

19             ash pan, wherein a width of each of said access doors is

20             greater than a width between adjacent of said substantially

21             vertical supports;

22       wherein at least one of each of said pair of pins, after having

23             been inserted in said corresponding at least one orifice, is

24             adjacent a surface of one of said substantially vertical

25             supports extending downwardly from said ash pan such that

26             said access door is secured adjacent two of said adjacent

27             substantially vertical supports.

28                       ...

22. An outdoor fireplace comprising:

a combustion chamber having a top portion, an ash pan and one or more access doors, each of said access doors having a plurality of pins disposed along a bottom portion of said access door, said top portion and said ash pan being connected by a plurality of substantially vertical supports, said ash pan including a plurality of orifices, said plurality of orifices being configured to receive said plurality of pins; and

a base, said base having an upper portion and a support structure, said upper portion substantially spanning an area spanned by said ash pan, said upper portion and said ash pan being connected such that an integral airway is formed between said ash pan and said upper portion.

...

23. An outdoor fireplace comprising:

a combustion chamber having a top portion and an ash pan, said top portion having a vent orifice disposed beneath a cover, wherein said top portion and said ash pan are rectangular and rigidly connected by a plurality of substantially vertical supports, one each of said plurality of substantially vertical supports being positioned at a corner of said ash pan;

a base having an upper portion and a support structure, said upper portion being rectangular and connected to said ash pan such that an integral airway is formed between said upper portion and said ash pan, said support structure including a plurality of support members, one each of said

16397.3

1   support members being disposed at a corner of said upper

2   portion such that an air passage is formed between said

3   upper portion and an underlying support surface; and

4   a plurality of access doors, each of said access doors including a

5   pair of pins disposed on a bottom corner of said access door

6   and configured to be received within a corresponding at least

7   one orifice formed in said ash pan along a periphery of said

8   ash pan, wherein a width of each of said access doors is

9   greater than a width between adjacent of said substantially

10   vertical supports;

11   wherein at least one of each of said pair of pins, after having

12   been inserted in said corresponding at least one orifice, is

13   adjacent a surface extending downwardly from said ash pan

14   such that said access door is secured adjacent two of said

15   adjacent substantially vertical supports.

16   28.   US Pat. No. 6,739,473 ("the '473 patent"), entitled "Grill Implements with

17   Removable Handle", issued on May 25, 2004.

18   29.   The independent claims of the '473 patent read as follows:

19   1. A removable handle for use with a cooking implement,

20   comprising:

21   a grip portion having a top surface, a bottom surface, a front

22   end, a back end, a button orifice, a mounting orifice, and a

23   pair of support post grooves disposed on opposing sides of

24   said grip portion and running longitudinally between said

25   front end and said back end;

26   a lock wire including a hook end and an anchor end, said

27   anchor end being disposed in said mounting orifice, said

28

16397.3

10

**COMPLAINT**

hook end being configured to engage the cooking implement;

a support post wire having a first length, a second length, and a pair of support post ends being configured for insertion into the cooking implement, said first length and said second length being parallel and having a loop portion disposed therebetween, each of said first length and said second length being respectively disposed, one in each of said pair of support post grooves;

a button disposed in said button orifice, said button being arranged and configured to deflect said hook end between an engaged position and a disengaged position; and

a metal band disposed around said grip portion such that said first and said second lengths are secured in said pair of support post grooves and said anchor end is secured in said mounting orifice.

. . .

11. A method of attaching a removable handle to a cooking implement, comprising the steps of:

pressing and holding a button such that a lock wire having a hook end is deflected into a disengaged position;

inserting a pair of support ends into a pair of support recesses formed in said cooking implement; and

releasing said button such that said lock wire returns to an engaged position, wherein said hook end engages a portion of said cooking implement.

. . .

16. A cooking implement including a removable handle, comprising:

a grip portion having a top surface, a bottom surface, a front end, and a back end;

a support post wire having a first support post end and a second support post end, said first and said second support post ends being parallel, said support post wire being securely attached to said grip portion;

a lock wire including a hook end and an anchor end, said anchor end being securely disposed in said grip portion;

a button disposed in said grip portion, said button being arranged and configured to deflect said hook end downwardly; and

wherein said first and said second support post ends are arranged and configured for insertion into a pair of support recesses disposed on said cooking implement, and said hook end is arranged and configured to engage a portion of said cooking implement.

30. US Pat. No. 6,792,935 ("the '935 patent"), entitled "Portable Barbecue Grill and Thermal Chest", issued on Sept. 21, 2004.

31. The independent claims of the '935 patent read as follows:

1. A combination cooking grill and thermal chest comprising:

a thermal chest defining an interior and having an opening communicating with and providing access to the interior;

a grill defining a cooking interior and having a grilling surface mounted within the cooking interior; and

16397.3

COMPLAINT

a repositioning assembly mounted to the thermal chest, the grill being movable, via the repositioning assembly, between a lowered position in which the grill limits access to the interior of the thermal chest via the opening, and a raised position in which the grill is spaced from the thermal chest such that access to the interior of the thermal chest is provided via the opening.

…

15. A combination cooking grill and thermal chest for use with food items, the combination comprising:

a thermal chest defining an interior, the interior being sized and shaped for receiving food items, the thermal chest further having an opening communicating with and providing access to the interior; and

a grill defining a cooking interior, the grill being movable between a lowered position in which the grill limits access to the interior of the thermal chest via the opening, and a raised position in which the grill is spaced from the thermal chest such that access to the interior of the thermal chest is provided via the opening,

wherein the grill is detachable with respect to the thermal chest; and

the grill includes a lower casting and a pair of opposing foldable leg members, each of the leg members including a distal end, the leg members being movable between a folded position in which the distal end of each of the leg members is located adjacent to the lower casting, and an extended

16397.3

position in which the distal end of each of the leg members extends outwardly from the lower casting to form a support for the grill.

...

16. A combination cooking grill and thermal chest for use with food items, the combination comprising:

a thermal chest defining an interior, the interior being sized and shaped for receiving food items, the thermal chest further having an opening communicating with and providing access to the interior;

a grill defining a cooking interior, the grill being movable between a lowered position in which the grill limits access to the interior of the thermal chest via the opening, and a raised position in which the grill is spaced from the thermal chest such that access to the interior of the thermal chest is provided via the opening; and

a repositioning assembly having first and second fixed supports fixed in position with respect to the thermal chest and first and second movable supports, each of which movably engages a respective fixed support, each of the movable supports being movable between a retracted position which orients the grill in the lowered position, and an extended position which orients the grill in the raised position.

32.   US Pat. No. 7,047,590 ("the '590 patent"), entitled "Combination Barbeque Grill Care Tool", issued on May 23, 2006.

33.   The independent claims of the '590 patent read as follows:

1. A combination grill care tool for cleaning a barbecue grill
cooking surface comprising:

a tool head having an upper surface opposing a lower surface;

a handle having a proximal end and a distal end, and extending
from said tool head such that said distal end opposes said
tool head;

a push-pull scraper disposed on said upper surface of said tool
head and extending therefrom, said push-pull scraper having
a first blade and a second blade, said first blade and said
second blade being adapted to engage and break loose
residue on the barbecue grill cooking surface upon moving
said push-pull scraper in a backward motion and a forward
motion along the cooking surface;

a cleaning tool configured to releasably secure to said tool head;
and

a push-pull scraper support disposed on said upper surface of
said tool head,

wherein at least a portion of said push-pull scraper support is
disposed between said first blade and said second blade,

wherein the lower surface is configured to releasably secure
said cleaning tool to said tool head, wherein at least one of
said first blade and said second blade engages a portion of
the barbecue grill cooking surface during both said
backward motion and said forward motion along the
cooking surface,

wherein said first blade and said second blade extend different
lengths from said tool head, and

16397.3

15
COMPLAINT

1    wherein said first blade and said second blade are arranged
2        having a predetermined angle disposed therebetween.

3                                    …

4    9. A combination grill care tool for cleaning a barbecue grill
5        cooking surface comprising:
6    a handle having a proximal end, a distal end, and an upper
7        surface;
8    a scraping means disposed at said proximal end of said handle,
9        said scraping means including a first blade and a second
10       blade, said scraping means being adapted to engage a
11       portion of a grill cooking surface during movement in a
12       backward direction and movement in a forward direction;
13       and
14   a tool support disposed on said upper surface and extending in
15       an upward direction from said upper surface, said tool
16       support being adapted to fixedly support said scraping
17       means,
18   wherein said first blade and said second blade extend different
19       lengths from said scraping means,
20   wherein said first blade and said second blade are arranged
21       having a predetermined angle disposed therebetween, and
22   wherein at least a portion of said tool support is disposed
23       between said first blade and said second blade.

24                                   …

25   12. A combination grill care tool for cleaning a barbecue grill
26       cooking surface comprising:
27   a tool head having an upper surface and a lower surface; a
28       handle having a proximal end and a distal end, said handle

16397.3
                                    16

1    extending from said tool head such that said distal end

2    opposes said tool head;

3    a push-pull scraper disposed on said upper surface of said tool

4    head and extending therefrom, said push-pull scraper

5    including a first blade and a second blade, said push-pull

6    scraper being adapted to engage and break loose residue on

7    a barbecue grill cooking surface upon moving said push-pull

8    scraper in a backward motion and in a forward motion along

9    the cooking surface; and

10   a scraper support disposed on said upper surface of said tool

11   head and extending in an upward direction from said upper

12   surface of said handle, said scraper support being disposed

13   opposing said handle and being adapted to fixedly support

14   said push-pull scraper,

15   wherein said tool head is adapted to releasably receive an

16   interchangeable brush pad,

17   wherein said first blade and said second blade are arranged

18   having a predetermined angle disposed therebetween, and

19   wherein at least a portion of said scraper support is disposed

20   between said first blade and said second blade.

21   34.   On information and belief, each of the independent claims of the '876 patent,

22   the '803 patent, the '413 patent, the '935 patent, and the '590 patent fails to cover, and may

23   not reasonably be interpreted to cover the Char-Broil Grills.

24   35.   Because each independent claim of the '876 patent, the '803 patent, the '413

25   patent, the '935 patent, and the '590 patent fails to cover, and may not reasonably be

26   interpreted to cover, any of the Char-Broil Grills, the Char-Broil grills have been

27   improperly marked with the '876 patent, the '803 patent, the '413 patent, the '935 patent,

28   and the '590 patent.

16397.3

36.   On information and belief, Defendant has no reasonable basis (and never had such a basis) to believe that any of the '876 patent, the '803 patent, the '413 patent, the '935 patent, and the '590 patent covers any of the Char-Broil Grills.

37.   US Pat. No. D383,035 ("the '035 patent"), entitled "Handle for Cooking Utensils", issued on Sept. 2, 1997.

38.   The '035 patent claims an ornamental design of a handle for cooking utensils.

39.   US Pat. No. D414,982 ("the '982 patent"), entitled "Electronic Tabletop Grill Handle with Integrated Control Module", issued on Oct. 12 1999.

40.   The '982 patent claims an ornamental design of an electronic tabletop grill handle with integrated control module.

41.   US Pat. No. D443,464 ("the '464 patent"), entitled "Circular Grill", issued on Jun. 12, 2001.

42.   The '464 patent claims an ornamental design of an electronic tabletop grill handle with integrated control module.

43.   US Pat. No. D447,384 ("the '384 patent"), entitled "Tongs", issued on Sept. 4, 2001.

44.   The '384 patent claims an ornamental design for tongs.

45.   US Pat. No. D447,385 ("the '385 patent"), entitled "Elongated Handle for Barbecue Grill Tools", issued on Sept. 4, 2001.

46.   The '384 patent claims an ornamental design for an elongated handle for barbeque grill tools.

47.   US Pat. No. D447,909 ("the '909 patent"), entitled "Handle for Skewers", issued on Sept.18, 2001.

48.   The '909 patent claims an ornamental design for handle for skewers.

49.   US Pat. No. D448,610 ("the '610 patent"), entitled "Handle for Barbeque Grill Tools", issued on Oct. 2, 2001.

50.   The '610 patent claims an ornamental design for handle for barbeque grill tools.

1    51.    US Pat. No. D448,615 ("the '615 patent"), entitled "Wooden Barbecue Grill
2  Cart with Inverted Arch Supports", issued on Oct. 2, 2001.

3    52.    The '615 patent claims an ornamental design of a wooded barbeque grill cart
4  with inverted arch supports.

5    53.    US Pat. No. D448,616 ("the '616 patent"), entitled "Wooden Barbecue Grill
6  Cart with Curved Arch Supports", issued on Oct. 2, 2001.

7    54.    The '616 patent claims an ornamental design of a wooded barbeque grill cart
8  with curved arch supports.

9    55.    US Pat. No. D450,544 ("the '544 patent"), entitled "Knife with Ergonomic
10  Handle", issued on Nov. 20, 2001.

11    56.    The '544 patent claims an ornamental design for a knife with ergonomic
12  handle.

13    57.    US Pat. No. D451,759 ("the '759 patent"), entitled "Foldable Barbecue Grill
14  Cart", issued on Dec. 11, 2001.

15    58.    The '759 patent claims an ornamental design for a foldable barbecue grill cart.

16    59.    US Pat. No. D454,028 ("the '028 patent"), entitled "Wooden Barbecue Grill
17  Cart", issued on Mar. 5, 2002.

18    60.    The '028 patent claims an ornamental design of a wooden barbecue grill cart.

19    61.    US Pat. No. D454,031 ("the '031 patent"), entitled "Wooden Barbecue Cart
20  with Side Burner", issued on Mar. 5, 2002.

21    62.    The '031 patent claims an ornamental design of a wooden barbecue cart with
22  side burner.

23    63.    US Pat. No. D455,205 ("the '205 patent"), entitled "Outdoor Fireplace with
24  Ash Drawer", issued on Apr. 2, 2002.

25    64.    The '205 patent claims an ornamental design for an outdoor fireplace with ash
26  drawer.

27    65.    US Pat. No. D455,206 ("the '206 patent"), entitled "Outdoor Fireplace",
28  issued on Apr. 2, 2002.

1   66.   The '206 patent claims an ornamental design for an outdoor fireplace.

2   67.   US Pat. No. D456,202 ("the '202 patent"), entitled "Portable Barbecue Grill",

3   issued on Aug. 11, 2002.

4   68.   The '202 patent claims an ornamental design of a portable barbecue grill.

5   69.   US Pat. No. D456,222 ("the '222 patent"), entitled "Fork with Ergonomic

6   Handle", issued on Apr. 30, 2002.

7   70.   The '222 patent claims an ornamental design of a fork with ergonomic handle.

8   71.   US Pat. No. D456,223 ("the '223 patent"), entitled "Spatula with Ergonomic

9   Handle", issued on Apr. 30, 2002.

10   72.   The '223 patent claims an ornamental design of a spatula with ergonomic

11   handle.

12   73.   US Pat. No. D457,789 ("the '789 patent"), entitled "Tongs with Ergonomic

13   Handle", issued on May 28, 2002.

14   74.   The '789 patent claims an ornamental design of a tongs with ergonomic

15   handle.

16   75.   US Pat. No. D458,520 ("the '250 patent"), entitled "Tongs with Joined

17   Shank", issued on Jun. 11, 2002.

18   76.   The '250 patent claims an ornamental design of a tongs with joined shank.

19   77.   US Pat. No. D458,760 ("the '760 patent"), entitled "Basting Brush with

20   Ergonomic Handle", issued on Jun. 18, 2002.

21   78.   The '760 patent claims an ornamental design of a basting brush with

22   ergonomic handle.

23   79.   US Pat. No. D458,802 ("the '802 patent"), entitled "Notched Handle for

24   Cooking Utensils", issued on Jun. 18, 2002.

25   80.   The '802 patent claims an ornamental design of a notched handle for cooking

26   utensils.

27   81.   US Pat. No. D459,088 ("the '088 patent"), entitled "Brush with Ergonomic

28   Handle", issued on Jun. 25, 2002.

16397.3

82. The '088 patent claims an ornamental design of a brush with ergonomic handle.

83. US Pat. No. D459,148 ("the '148 patent"), entitled "Contoured Handle for Cooking Utensils", issued on Jun. 25, 2002.

84. The '148 patent claims an ornamental design of a contoured handle for cooking utensils.

85. US Pat. No. D459,149 ("the '149 patent"), entitled "Handle for Cooking Utensils with Raised Contours", issued on Jun. 25, 2002.

86. The '149 patent claims an ornamental design of a handle for cooking utensils with raised contours.

87. US Pat. No. D459,161 ("the '161 patent"), entitled "Fork with Joined Shank", issued on Jun. 25, 2002.

88. The '161 patent claims an ornamental design of a fork with joined shank.

89. US Pat. No. D459,163 ("the '163 patent"), entitled "Spatula with Joined Shank", issued on Jun. 25, 2002.

90. The '163 patent claims an ornamental design of a spatula with joined shank.

91. US Pat. No. D459,586 ("the '586 patent"), entitled "Brush with Joined Shank", issued on Jul. 2, 2002.

92. The '586 patent claims an ornamental design of a brush with joined shank.

93. US Pat. No. D459,943 ("the '943 patent"), entitled "Tapered Handle for Cooking Utensils", issued on Jul. 9, 2002.

94. The '943 patent claims an ornamental design of a tapered handle for cooking utensils.

95. US Pat. No. D460,318 ("the '318 patent"), entitled "Handle with End Caps for Cooking Utensils", issued on July 16, 2002.

96. The '318 patent claims an ornamental design of a handle with end caps for cooking utensils.

97. US Pat. No. D466,307 ("the '307 patent"), entitled "Triangular Grill Brush", issued on Dec. 3, 2002.

98. The '307 patent claims an ornamental design of a triangular grill brush.

99. US Pat. No. D477,498 ("the '498 patent"), entitled "Increasing Diameter Utensil Handle", issued on Jul. 22, 2003.

100. The '498 patent claims an ornamental design of an increasing diameter utensil handle.

101. US Pat. No. D477,501 ("the '501 patent"), entitled "Combination Thermal Chest and Barbecue Grill", issued on Jul. 22, 2003.

102. The '501 patent claims an ornamental design of a combination thermal chest and barbeque grill.

103. US Pat. No. D477,504 ("the '504 patent"), entitled "Utensil with Diamond Pattern Handle", issued on Jul. 22, 2003.

104. The '504 patent claims an ornamental design of a utensil with diamond pattern handle.

105. US Pat. No. D477,506 ("the '506 patent"), entitled "Barbecue Grill Tool with Finger Grips", issued on Jul. 22, 2003.

106. The '506 patent claims an ornamental design of a barbecue grill tool with finger grips.

107. US Pat. No. D477,746 ("the '746 patent"), entitled "Coiled Handle for Utensils", issued on Jul. 29, 2003.

108. The '746 patent claims an ornamental design of a coiled handle for utensils.

109. US Pat. No. D478,471 ("the '471 patent"), entitled "Utensil Handle with Hammered Finish", issued on Aug. 19, 2003.

110. The '471 patent claims an ornamental design for a utensil handle with hammered finish.

111. US Pat. No. D491,410 ("the '410 patent"), entitled "Smoker with Sloping Top Surfaces", issued on Jun. 15, 2004.

16397.3

22

**COMPLAINT**

112. The '410 patent claims an ornamental design of a smoker with sloping top surfaces.

113. US Pat. No. D498,523 ("the '523 patent"), entitled "Outdoor Fireplace with Curved Back Surface", issued on Nov. 16, 2004.

114. The '523 patent claims an ornamental design of an outdoor fireplace with curved back surface.

115. US Pat. No. D500,359 ("the '359 patent"), entitled "Arched Fireplace", issued on Dec. 28, 2004.

116. The '359 patent claims an ornamental design of an arched fireplace.

117. US Pat. No. D530,098 ("the '098 patent"), entitled "Combination Barbecue Grill Care Tool", issued on Oct. 17, 2006.

118. The '098 patent claims an ornamental design of a combination barbecue grill care tool.

119. US Pat. No. D535,000 ("the '000 patent"), entitled "Pyramidal Outdoor Fireplace", issued on Jan. 09, 2007.

120. On information and belief, each of the '035 patent, the '982 patent, the '464 patent, the '384 patent, the '385 patent, the '909 patent, the '610 patent, the '615 patent, the '544 patent, the '759 patent, the '028 patent, the '031 patent, the '205 patent, the '206 patent, the '202 patent, the '222 patent, the '223 patent, the '789 patent, the '520 patent, the '760 patent, the '802 patent, the '088 patent, the '148 patent, the '149 patent, the '161 patent, the '163 patent, the '586 patent, the '943 patent, the '318 patent, the '307 patent, the '498 patent, the '501 patent, the '504 patent, the '506 patent, the '746 patent, the '471 patent, the '410 patent, the '523 patent, the '359 patent, the '098 patent, and the '000 patent fails to cover, and may not reasonably be interpreted to cover, any of the Char-Broil Grills.

121. On information and belief, Defendant has no reasonable basis (and never had such a basis) to believe any of the '035 patent, the '982 patent, the '464 patent, the '384 patent, the '385 patent, the '909 patent, the '610 patent, the '615 patent, the '544 patent, the '759 patent, the '028 patent, the '031 patent, the '205 patent, the '206 patent, the '202

1  patent, the '222 patent, the '223 patent, the '789 patent, the '520 patent, the '760 patent, the

2  '802 patent, the '088 patent, the '148 patent, the '149 patent, the '161 patent, the '163

3  patent, the '586 patent, the '943 patent, the '318 patent, the '307 patent, the '498 patent, the

4  '501 patent, the '504 patent, the '506 patent, the '746 patent, the '471 patent, the '410

5  patent, the '523 patent, the '359 patent, the '098 patent, and the '000 patent covers any of

6  the Char-Broil Grills.

7  ### FIRST CLAIM FOR RELIEF

8  ### (False Marking, 35 U.S.C. §292(a))

9  122.   Plaintiff incorporates here by reference the allegations in each of the foregoing

10  paragraphs above.

11  ### Defendants Mismarked Products

12  123.   On information and belief, at least since September 2, 2008 and continuing to

13  the present time, Defendants have and continues to mark its Char-Broil Grills with the

14  number(s) of one or more inapplicable patent(s) that do not cover the Char-Broil Grills.

15  124.   On information and belief, at least since September 2, 2008 and continuing to

16  the present time, Defendants have and continues to mark its Char-Broil Grills with the

17  number(s) of one or more expired patent(s).

18  ### Defendants Mismarked Products with an Intent to Deceive

19  125.   On information and belief, Defendants lacks any reasonable basis to believe

20  that the inapplicable patent(s) cover the Char-Broil Grills and mismarks the same with the

21  intent to deter competition by falsely asserting to the public – including potential

22  competitors – that the Char-Broil Grills are protected by inapplicable patent(s), in violation

23  of 35 U.S.C. §292.

24  126.   There can be no innocent explanation of Defendants mismarking given the

25  numerous instances of mismarking explained above and the obvious irrelevance of the

26  patents so-mismarked.  For example, it defies an innocent explanation that – as explained

27  above – Defendants would mark more than 30 of their barbeque grills with not only

28  multiple expired patents, but also nearly 50 inapplicable patents.  Indeed, nearly all these

16397.3

1  inapplicable patents are directed to inventions that – even on a casual reading – do not

2  cover and cannot be read to cover actual barbeque grills, including, for example, patents

3  directed to a "cookware handles," "outdoor fireplaces," "barbeque grill tools," "tongs,"

4  "brushes," and "utensils."

5      127.    This conduct by Defendants leads inescapably to the conclusion that

6  Defendants have and continue to mark numerous of their Char-Broil Grills with expired

7  and inapplicable patent numbers with an intent to deceive the public and to deter

8  competition by falsely asserting to the public – including potential competitors – that the

9  Char-Broil Grills are protected by expired and inapplicable patent(s) in violation of 35

10  U.S.C. §292.

11      128.    On information and belief, Defendants are large and sophisticated companies

12  that regularly employ and retain multiple individuals familiar with the requirements of 35

13  U.S.C. §292.

14      129.    On information and belief, one or more employees of Defendants are

15  responsible for the mismarking at issue and Defendants' violations of 35 U.S.C. § 292.

16      130.    For example, on information and belief, Rob Schwing is currently employed

17  by Char-Broil as its General Manager, Business Development.  On information and belief,

18  Mr. Schwing's previous positions with Char-Broil include Senior Director, Brand

19  Marketing; Vice-President, Product Development & Marketing; and Vice-President, Parts

20  & Accessories.

21      131.    On information and belief, Michelle Zeller is the current Vice-President of

22  Marketing at Char-Broil.

23      132.    On information and belief, Thom Ward is the current Senior Product

24  Development Manager at Char-Broil.  On information and belief, Mr. Ward's past

25  positions with Char-Broil include Director of Marketing and Senior Product Manager.

26      133.    On information and belief, at least one or more of Mr. Schwing, Ms. Zeller

27  and Mr. Ward – given their current and former roles and responsibilities within Char-Broil

28  – were either aware of, created, participated in the creation of, approved, and/or ratified

16397.3

1  Char-Broil's practice of marking its Char-Broil Grills with numerous expired and/or

2  inapplicable patent numbers in violation of 35 U.S.C. § 292. On information and belief,

3  other employees within Charbroil likewise were either aware of, created, participated in the

4  creation of, approved, and/or ratified Char-Broil's practice of marking its Char-Broil Grills

5  with numerous expired and/or inapplicable patent numbers in violation of 35 U.S.C. § 292.

6      134.   On information and belief, at least one or more of Mr. Schwing, Ms. Zeller

7  and Mr. Ward – given their current and former roles and responsibilities within Char-Broil

8  – knew that the inapplicable patents do not cover and could not be read to cover the Char-

9  Broil Grills.  On information and belief, other employees within Charbroil likewise knew

10  that the inapplicable patents do not cover and could not be read to cover the Char-Broil

11  Grills.

12      135.   On information and belief, at least one or more of Mr. Schwing, Ms. Zeller

13  and Mr. Ward knew that the expired patent(s) marked on the Char-Broil Grills were in fact

14  expired.  On information and belief, other employees within Charbroil likewise knew that

15  the expired patent(s) marked on the Char-Broil Grills were in fact expired.

16      136.   Nevertheless, on information and belief, at least one or more of Mr. Schwing,

17  Ms. Zeller and Mr. Ward  have allowed, and continue to allow, mismarking of the

18  inapplicable and/or expired patents despite actual knowledge that such mismarking violates

19  35 U.S.C. § 292. On information and belief, other employees within Charbroil likewise

20  have allowed, and continue to allow, mismarking of the inapplicable and/or expired patents

21  despite actual knowledge that such mismarking violates 35 U.S.C. § 292.

22      137.   This mismarking includes, but is not limited to: (1) causing a digital copy of

23  the periodically updated product guides to be publically accessible via the Char-Broil

24  website at www.charbroil.com since at least January 2001, and (2) causing a physical copy

25  of the periodically updated product guides to be included within the packaging of each of

26  the Char-Broil Grills since at least September 2008.

27      138.   On information and belief, one motivation for Defendants' mismarking of its

28  Char-Broil Grills with numerous expired and inapplicable patents is to deter members of

16397.3

**COMPLAINT**

the public, such as competing grill manufacturers, from implementing competing grill products. Specifically, because a reasonable member of the public (including a potential competitor) would be justified in assuming that Defendants' patent markings are correct, such member of the public would need to unnecessarily evaluate more than forty-nine irrelevant patents as part of any responsible effort to implement competing grill products. On information and belief, at even $10,000 per patent, the cost to have the numerous inapplicable patents evaluated by a competent attorney would equal almost $500,000.

139.   Defendants, on information and belief, are well aware of the potentially massive legal costs associated with conducting a competent review of the inapplicable patents, and Defendants' desire to burden potential competitors with such costs and to hamper honest competition and innovation are both reasons why Defendants have and continues to mismark its Char-Broil Grills as "protected under" the expired and inapplicable patent(s).

140.   Each falsely marked patent number constitutes a separate "offense" under 35 U.S.C. §292. Thus, for example, even one sale of one Char-Broil Grill with its associated product guide in the United States represents as many as forty-nine (49) "offenses" under 35 U.S.C. §292. These "offenses" are even further multiplied by the total number of Char-Broil Grills that have been sold by Defendants with the improper patent marking.[1]

141.   Defendants' violation of 35 U.S.C. §292 injures the sovereign interest of the United States and the general public interest, represented by Plaintiff, by resulting in the dissemination of false information to consumers, decreasing competition within the relevant market, and increasing the costs and uncertainty of those seeking to engage in legitimate competition.

---

[1] As noted above, the mismarked Char-Broil Grills include at least the following Product Model Numbers: 463271310, 463271510, 463270910, 463270610, 463263110, 463250710, 463250910, 463250510, 463250110, 463250210, 463262210, 463247310, 463257110, 463246910, 463271309, 463270909 and 463272509.

16397.3

27

**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     Find that Defendants distribution and/or sale of knowingly mislabeled products violates 35 U.S.C. §292;

2.     Determine an appropriate fine of not more than $500 per each and every offense sufficient to appropriately penalize Defendants' willful violations of 35 U.S.C. §292, and to deter Defendants and others similarly situated from violating 35 U.S.C. §292 in the future;

5.     Direct that half of the fine be paid to the United States government; and,

6.     Direct that the other half of the fine be paid to Plaintiff.


Dated:  October 29, 2010          **ONE LLP**

                                  By:  _____
                                       Peter R. Afrasiabi
                                       Attorneys for Plaintiff, Open Innovation LLC

16397.3

28
**COMPLAINT**

1
2

## **DEMAND FOR JURY TRIAL**

3
4
5

Plaintiff Open Innovation LLC hereby demands trial by jury of all issues so triable under the law.

6
7    Dated:  October 29, 2010          **ONE LLP**
8
9
10                                          By: _____
11                                              Peter R. Afrasiabi
                                                Attorneys for Plaintiff, Open Innovation LLC
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16397.3

**COMPLAINT**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 8175 JFW (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

OPEN INNOVATION LLC,

PLAINTIFF(S)

v.

CHAR-BROIL, a private company, W.C.
BRADLEY CO., a private company; and
DOES 1-10 INCLUSIVE,

DEFENDANT(S).

CASE NUMBER

**CV10-8175 JFW(FMOx)**

**SUMMONS**

TO:   DEFENDANT(S): _____

    A lawsuit has been filed against you.

    Within 21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Peter R. Afrasiabi_____ , whose address is 4000 MacArthur Blvd, West Tower, Ste 1100, Newport Beach, CA 92660 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   10/29/10

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS                                    CCD-1A



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| OPEN INNOVATION LLC, | CHAR-BROIL, a private company, W.C. BRADLEY CO., a private company; and DOES 1-10 INCLUSIVE, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Peter R. Afrasiabi<br>John Tehranian<br>ONE LLP<br>4000 MacArthur Boulevard<br>West Tower, Suite 1100<br>Newport Beach, CA 92660   (949) 502-2870 | |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ MONEY DEMANDED IN COMPLAINT: $ to be determined

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

False Patent Marking under 35 U.S.C. Section 292

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: CV10-8175

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2
CCD-JS44

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   [ ] A.  Arise from the same or closely related transactions, happenings, or events; or
   [ ] B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   [ ] C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   [ ] D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

IX.  VENUE: (When completing the following information, use an additional sheet if necessary.)
(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date October 29, 2010
                                    Peter R. Afrasiabi

Notice to Counsel/Parties:  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |